# COHEN & F[...]

110 E. 59TH ST[...]
NEW YORK, [...]
TEL: 212.3[...]
FAX: 332.7[...]

> Application denied without prejudice for failure to comply with the Court's Individual Practices Rule 4.D., which requires a <u>joint</u> pre-motion letter from all counsel.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 13.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 6, 2021

**VIA ECF**

Honorable Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York
300 Quarropas St., Rm. 530
White Plains, New York 10601

      Re:    <u>*Santos v. The United States of America, et al. – 21 Civ. 8009*</u>

Dear Judge Halpern,

      I represent the plaintiff in the above-mentioned action. Pursuant to Your Honor's Rules of Practice and Local Civil Rule 37.2, I write today to request a pre-motion conference concerning plaintiff's anticipated motion to compel pre-answer discovery in this matter.

      By way of background, plaintiff alleges, in sum, that on or about October 28, 2020, he was unarmed and lawfully present in the vicinity of 425 East Route 59, Nanuet, NY 10954 (the DoubleTree Hotel), when currently unidentified law enforcement officers from either the FBI, DEA, ATF and/or the NYPD[1] chased him towards the hotel lobby entrance and then opened fire at him and shot him multiple times as he fled. As a result of the foregoing, plaintiff was in a coma for approximately three (3) weeks and suffered serious bodily injuries, which required multiple surgeries and ongoing medical treatment.

      Moreover, plaintiff has not yet been unable to identify the federal law enforcement agents involved in the incident and must do so, as he may not assert a *Bivens* claim against the Government. "A Bivens claim may only be asserted against the individuals alleged to have caused the constitutional deprivation, and may not be asserted against the United States or a federal agency." *Omoniyi v. Dep't of Homeland Sec.*, 2012 WL 892197, at *9 (S.D.N.Y. Mar. 13, 2012) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-72 (2001); *see also M.E.S., Inc. v. Snell*, 712 F.3d 666, 672 n.1 (2d Cir. 2013) ("It is beyond dispute that such claims cannot be brought against the federal government.") (citing *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994)).

---

[1] Upon information and belief, the officers involved in the incident were members of one or more federal law enforcment agencies. However, out of an abundance of caution, plaintiff has named "John Doe" NYPD officers on the remote chance that the NYPD was involved with a federal Task Force and present at the DoubleTree on 10/28/2020.

To that end, on November 30, 2021, the US Attorney's Office, served plaintiff with a pre-motion letter informing plaintiff of their intention to file a 12(b)(6) motion and requesting that plaintiff withdraw his *Bivens* claim against defendant United States of America ("Government") before the Government's deadline to file a motion or responsive pleading, which is December 6, 2021. Thereafter, at a meet and confer held on December 1, 2021 with Assistant US Attorney David E. Farber, the undersigned advised counsel for the Government that plaintiff would agree to voluntarily dismiss the *Bivens* claims against defendant the United States of America without prejudice,[2] with the understanding that plaintiff intended to serve upon the federal agencies involved in the incident with a Standard Form 95 ("SF 95") asserting Federal Tort Claims Act ("FTCA") claims (and would likely later move to file an Amended Complaint to add these FTCA claims against the Government to this action) and requesting to know the federal agencies involved in the incident.

In addition, the undersigned further advised counsel for the Government that because the *Bivens* claim against defendant United States of America could not be asserted and was going to be withdrawn, it was critical that she receive the names of the federal law enforcement agents involved in the incident from the Government, the sole entity in possession of this information, so that in addition to the service of the SF 95(s) upon the responsible agencies, the Complaint could be amended to assert *Bivens* claims against the responsible individuals. However, counsel for the Government advised that he would not provide the undersigned with the names of the agencies nor the identities of the law enforcement officers involved in the incident.[3]

Courts in the Second Circuit routinely grant expedited discovery to identify Doe defendants. *See Bloomberg, L.P. v. John Does 1-4,* 2013 WL 4780036, at *1 (S.D.N.Y. June 26, 2013) (granting motion for expedited discovery to serve Rule 45 subpoena on Google in order to identify Doe defendants' names, etc.); *Strike 3 Holdings, LLC v. Doe,* 2018 WL 3756453, at *3 (S.D.N.Y. July 19, 2018) (granting motion for expedited discovery to serve Rule 45 subpoena on internet service provider to obtain Doe defendant's true name and address); *Malibu Media, LLC v. Doe,* No. 14 Civ. 4808 (JS)(SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (collecting cases granting leave to serve subpoenas to identify Doe defendants); *Valentin v. Dinkins,* 121 F.3d 72, 75 (2d Cir. 1997) ("discovery may be necessary before a defendant may be fully identified").

While, most requests for expedited discovery to identify Doe defendants occur in the context of intellectual property actions, where plaintiffs often initially identify infringing

---

[2] Plaintiff is in receipt of the Government's proposed Notice of Partial Voluntary Dismissal as to the *Bivens* claim against defendant USA and has signed same. However, plaintiff has not yet filed same as it is crucial that the Government remain in the case at least until the discovery issues raised in this letter are resolved. Nevertheless, plaintiff does intend to dismiss his *Bivens* claim against defendant USA. As such, plaintiff further respectfully requests that the Your Honor stay or extend the Government's time to file a motion or responsive pleading until these discovery issues are resolved.

[3] In addition, the undersigned conferred with counsel for defendant City of New York ("City"), Christopher Arko, regarding whether the City would provide plaintiff with information concerning whether any members of the NYPD were actually present at the DoubleTree on October 28, 2020 and involved in the incident, and if so, whether the City would disclose their indentities. Counsel for the City advised that he would take plaintiff's request for disclosure under advisement as he was still investigating whether any NYPD officers were present at, and involved in, the October 28, 2020 incident.

defendants solely by their IP addresses, courts also recognize the need for such discovery in civil rights actions. In *Bivens,* for example, the district court assisted the plaintiff in serving the unknown defendants by ordering that the records of the United States Attorney be used to identify those officers upon whom the complaint should be served. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390, n.2 (1971)*; see also Valentin,* 121 F.3d at 75 (vacating dismissal of *pro se* litigant's excessive force claims where plaintiff should have been permitted to conduct discovery to identify the defendant); *Cotto v. City of New York,* 2017 WL 3476045, at *6 (S.D.N.Y. Aug. 11, 2017) (listing subpoena to attempt to identify unnamed police officer defendant as one means to exercise due diligence in identifying Doe defendant).

Moreover, the Second Circuit recognizes that, in suits alleging wrongdoing by unidentified officers, plaintiffs should be "afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." *Davis v. Kelly,* 160 F.3d 917, 921 (2d Cir. 1998) (collecting cases). In addition, recently in *Azbel-Bedell v. The City of New York*, 21 CV 4961 (FB)(CLP)(unpublished but annexed hereto), Judge Pollak found that *Valentin*, *supra*, should be extended to litigants who retain counsel as outlined in *DaCosta v. City of New York*, 296 F. Supp. 3d 569, 599 (E.D.N.Y. 2017), and ordered the Corporation Counsel to ascertain the full names of the John Doe officers and the addresses where they could be served and provide same to plaintiff's counsel. *See also*, *Cohen v. City of New York*, 21 CV 04821 (AMD)(RML) (unpublished but annexed hereto).

Likewise, where, as here, the unidentified officers will become the sole federal defendants in the action once plaintiff's *Bivens* claim is dismissed as to the Government (and unless and until plaintiff can amend the Complaint to add his FTCA claims against the Government) the requested discovery is necessary and warranted. As such, plaintiff respectfully requests that Your Honor schedule a telephone conference to discuss these pressing issues or that Your Honor order the Government to provide plaintiff with information concerning which federal agencies were involved in the October 28, 2020 incident and the names and addresses of the federal law enforcement officers involved in the October 28, 2020 incident.

Thank you for your time and consideration of this request.

Very truly yours,

/S

Ilyssa S. Fuchs, Esq.

CC:
David E. Farber, US Attorney's Office for the SDNY *by ECF*
Christopher Arko, City of New York *by ECF*