UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARFHY SANTOS,<br><br>                Plaintiff,<br><br>       -against-<br><br>THE UNITED STATES OF AMERICA, THE CITY OF NEW YORK, DET. JOSE M. SANDOBAL, Shield No. 2208 (Tax Id. No. 935693) Individually and in his Official Capacity, FEDERAL LAW ENFORCEMENT OFFICERS "JOHN DOE" #1-10 (the name John Doe being fictitious as the true names are currently unknown), Individually and in Their Official Capacities, and NEW YORK CITY POLICE DEPARTMENT OFFICERS "JOHN DOE" #1-10 (the name John Doe being fictitious as the true names are currently unknown), Individually and in Their Official Capacities,<br><br>                Defendants. | No. 21 Civ. 8009 (PMH) |

## PRIVACY ACT ORDER AND PROTECTIVE ORDER

PHILIP M. HALPERN, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action, and for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States of America (the "United States") in the course of discovery proceedings.

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored

1

confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.      Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The Terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2.      With respect to "Discovery Material" (i.e., information or materials of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of: (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (b) previously non-disclosed material relating to ownership or control of any non-public company; (c) previously non-disclosed business plans,

product-development information, or marketing plans; (d) any information of a personal or intimate nature regarding any individual; (e) sensitive law enforcement information[1]; (f) information protected from disclosure by the Privacy Act; or (g) any other category of information this Court subsequently affords confidential status.

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.      If at any time before the trial of this action a Producing Party realizes that it should

---

[1] The City of New York reserves the right to designate New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, Civilian Complaint Review Board, or other agencies as Confidential Materials under (e) concerning sensitive law enforcement information. Plaintiff reserves the right to challenge said Confidential designation upon receipt of same, to the extent neccessary and to the extent defendant City of New York remains a defendant in this action.

have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

       7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

       8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

      (a) the Parties to this action, their insurers, and counsel to their insurers;

      (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter, and any support staff or other employees of the United States and City of New York or attorneys of record of any defendant who are assisting in the defense of this action;

      (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

      (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide

specialized advice to counsel in connection with this action, provided such person has

first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9.      Before disclosing any Confidential Discovery Material to any person referred to in

subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person,

who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he

or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed

Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such

person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes

first.

10.     In accordance with Rule 5 of this Court's Individual Practices, any party filing

documents under seal must simultaneously file with the Court a letter brief and supporting

declaration justifying – on a particularized basis – the continued sealing of such documents. The

parties should be aware that the Court will unseal documents if it is unable to make "specific, on the

record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly

tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir.

2006).

11.     The Court also retains discretion whether to afford confidential treatment to any

Discovery Material designated as Confidential and submitted to the Court in connection with any

motion, application, or proceeding that may result in an order and/or decision by the Court. All

persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential

treatment to any Discovery Material introduced in evidence at trial, even if such material has

previously been sealed or designated as Confidential.

12.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

14.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

15.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process,

or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. There shall be no disclosure after an objection to disclosure has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

17.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

19.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a

ground for entering such an Order the fact or circumstances of the inadvertent production.

22.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

24.     This Order does not constitute any ruling on the question of whether any particular document or category of information is prohibited from disclosure by the Privacy Act or that any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

25.     Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

26.     Nothing in this Order shall affect the right of any party to seek additional protection

against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

27.     Nothing in this Order shall prevent the disclosure of Confidential Information to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

28.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

29.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED TO BY:

Dated: June 30, 2022
          New York, New York

          COHEN & FITCH, LLP
          *Attorneys for Plaintiff*

By:     _____
          ILYSSA S. FUCHS, ESQ.
          110 E. 59th St., Suite 3200
          New York, NY 10022
          (212) 374-9115

Dated: June 30, 2022
          New York, New York

          CORPORATION COUNSEL,
          CITY OF NEW YORK
          *Attorney for Defendant City of New York*

By:     _____
          CHRISTOPHER G. ARKO
          Senior Counsel
          100 Church Street
          New York, NY 10007
          (212) 356-5044

Dated: June 30, 2022
          New York, New York

          DAMIAN WILLIAMS
          United States Attorney
          *Attorney for Defendants United States of America and Jose M. Sandobal*

By:     _____
          DAVID E. FARBER
          Assistant United States Attorney
          86 Chambers Street, 3rd Floor
          New York, NY 10007
          (212) 637-2772

SO ORDERED.

_____
HON. PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

Dated:    White Plains, New York
               _____ July 5, _____, 2022

10

EXHIBIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARFHY SANTOS,

                              Plaintiff,

              -against-

THE UNITED STATES OF AMERICA, *et al.*,

                              Defendants.

**NON-DISCLOSURE AGREEMENT**

No. 21 Civ. 8009 (PMH)

I, _____, acknowledge that I have read and understand the

Privacy Act and Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at the

conclusion of the litigation I will return all discovery information to the Party or attorney from whom

I received it. By acknowledging these obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Southern District of

New York for the purpose of any issue or dispute arising hereunder and that my willful violation of

any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____

Signature: _____

Dated: _____