UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARFHY SANTOS,

                Plaintiff,

            -against-

THE UNITED STATES OF AMERICA, SPECIAL AGENT WILLIAM SHEEHAN, Individually,

                Defendants.
------------------------------------------------------------------X

**THIRD AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**21 CV 8009 (PMH)**

Plaintiffs ARFHY SANTOS, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION AND VENUE**

2.    This action is brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the FTCA, and pursuant to the Fourth and/or Fifth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 1346(b), 2671-80, and 1367.

4.    Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose and pursuant to U.S.C. 1402(b)

because the acts and/or omissions giving rise to plaintiff's claims occurred within the Southern District of New York

5. On or about December 8, 2021, plaintiff properly filed his claims with the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI), and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

6. On or about February 3, 2022, the ATF advised in writing that the DEA would be handling plaintiff's claim consistent with 28 C.F.R. § 14.2(b)(2).

7. On or about February 9, 2022, the FBI advised in writing that the DEA would be handling plaintiff's claim consistent with 28 C.F.R. § 14.2(b)(2).

8. On or about February 15, 2022, per the Associate Chief Counsel of the Civil Litigation Section of the DEA's Office of Chief Counsel, the DEA advised in writing that plaintiff's administrative claim was denied.

9. Accordingly, plaintiff has complied with all statutory jurisdictional requirements and conditions precedent to commence and prosecute this litigation.

## JURY DEMAND

10. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

11. Plaintiff ARFHY SANTOS is and has been at all relevant times a resident of the County of Bronx, in the City and State of New York.

12. Defendant, THE UNITED STATES OF AMERICA ("UNITED STATES") by and through its law enforcement agencies, including the Drug Enforcement Administration (DEA), operated, at all relevant times, the DEA.

13. The DEA is a federal law enforcement, crime prevention, and security arm of the United States government. The DEA is an agency of Defendant UNITED STATES, with powers to, among other things, make arrests for unlawful behavior and to initiate criminal charges against persons whom they have arrested, and that these officers are authorized by Congress to act under the color of law and within the authority of the United States of America pursuant to federal law.

14. Specifically, officers for the DEA are federal law enforcement officers who carry firearms, make arrests, execute federal search warrants and serve subpoenas on behalf of the UNITED STATES. These law enforcement officers work with U.S. Attorneys, other law enforcement, and local prosecutors to investigate cases and prepare them for court.

15. At all times hereinafter mentioned, the individually named federal defendant, SPECIAL AGENT WILLIAM SHEEHAN, Individually (hereinafter "SA SHEEHAN") was employed by the defendant UNITED STATES OF AMERICA ("UNITED STATES"), specifically by the DEA, and was acting within the scope and authority of his employment as a law enforcement officer, and under the color of law, and within the authority of the United States of America.

16. THE UNITED STATES at all relevant times was responsible for the hiring, training, supervision, discipline, retention, and promotion of the law enforcement officers, sergeants, agents, and/or employees of the DEA, a law enforcement agency of defendant UNITED STATES.

17. The UNITED STATES at all relevant times was responsible for the hiring, training, supervision, discipline, retention, and promotion of the law enforcement officers,

sergeants, agents, and/or employees of the DEA, a law enforcement agency of defendant UNITED STATES.

18. Defendant UNITED STATES is sued for personal injuries to plaintiff caused by the wrongful and/or negligent acts and/or omissions of defendant's agent and/or employee SA SHEEHAN, who was acting within the scope of the office or employment under circumstances where the UNITED STATES, if a private person, would be liable to plaintiff in accordance with the laws of the United States and/or the State of New York. *See* 28 U.S.C. § 1346(b).

19. At all times hereinafter mentioned all of the individual defendant (i.e. SA SHEEHAN), either personally or through his employees, was acting under color of law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the United States of America.

20. Each and all of the acts of the individual defendant SA SHEEHAN alleged herein were done by said defendant while acting within the scope of his employment.

21. Each and all of the acts of the individual defendant SA SHEEHAN alleged herein were done by said defendant while acting in furtherance of his employment.

## FACTS

22. On or about October 28, 2020, at approximately 5:14 p.m., plaintiff ARFHY SANTOS was lawfully present in the vicinity of 425 East Route 59, Nanuet, NY 10954 (the DoubleTree Hotel).

23. At the aforesaid time and place, plaintiff, who did not possess any weapons and/or contraband, and was not a danger or threat to any person, was accosted by law enforcement officers from the DEA (New York Drug Enforcement Task Force) namely, – defendant SA SHEEHAN.

24. Upon being confronted by these armed individuals – including defendant SA SHEEHAN – who were not in law enforcement uniforms, plaintiff SANTOS, who was scared for his life began to run away from these individuals towards the hotel lobby entrance.

25. Immediately thereafter, and despite the fact plaintiff SANTOS was unarmed, was not a threat, and did not possess any contraband whatsoever, defendant SA SHEEHAN, chased plaintiff towards the hotel lobby entrance and then opened fire at him and shot him multiple times from behind as he fled.

26. At no time was the force used against plaintiff SANTOS by defendant SA SHEEHAN reasonable and/or justified under the circumstances as plaintiff was unarmed, not a threat, and running in the opposite direction away from law enforcement.

27. Upon being shot multiple times by defendant SA SHEEHAN, plaintiff fell to the ground in severe pain.

28. Upon falling to the ground defendant SA SHEEHAN and/or other non-party officers immediately rear handcuffed and searched plaintiff's person and effects but did not find any weapons and/or contraband.

29. Subsequently, approximately ten (10) minutes later, EMS and an ambulance arrived on the scene, provided some initial medical treatment to plaintiff, and then transferred him to a nearby hospital.

30. Upon arrival at the hospital, plaintiff was treated for multiple gunshot wounds.

31. As a result of the foregoing, plaintiff was in a coma for approximately three (3) weeks and suffered serious bodily injuries as a result of being shot multiple times.

32. Plaintiff was eventually transferred to another nearby hospital where he remained for approximately a month.

33. As a result of this unlawful use of force, plaintiff SANTOS was caused to suffer multiple gunshot wounds, causing him serious physical injuries and severe pain, requiring multiple surgeries and ongoing medical treatment, and will likely require future medical treatment and/or future additional surgeries.

34. In addition, as a result of the foregoing, plaintiff was confined to a hospital for several months, and then was further confined to bed and/or his house for several additional months.

35. During plaintiff's confinement in the hospital, upon information and belief, plaintiff was handcuffed and/or shackled to a hospital bed.

36. As a result of the foregoing, the plaintiff SANTOS sustained, *inter alia*, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, economic damages, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER BIVENS**
**(As to Defendant SA Sheehan)**

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants, and employees, including SA SHEEHAN, were carried out under the color of law.

39. All of the aforementioned acts deprived plaintiff SANTOS of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and/or Fifth Amendments to the Constitution of the United States of America.

40. The acts complained of were carried out by the aforementioned individual defendant SA SHEEHAN in his capacity as a police/law enforcement officer with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendant SA SHEEHAN in his capacity as a police/law enforcement officer, pursuant to the customs, usages, practices, procedures, and rules of the DEA – and was acting within the scope and authority of his employment as a DEA law enforcement officer, and under the color of law – under the supervision of ranking officers of said department.

42. Defendant SA SHEEHAN, individually, while acting under color of law, engaged in conduct which is forbidden by the laws and Constitution of the United States.

43. The level of force employed by defendant SA SHEEHAN was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

44. As a result of the foregoing, plaintiff sustained, inter alia, bodily injuries, including, but not limited to, multiple gunshot wounds about his body requiring surgical repair, pain, and swelling.

### SECOND CLAIM FOR RELIEF
### ASSAULT AND BATTERY BY FEDERAL LAW ENFORCEMENT UNDER THE FEDERAL TORT CLAIMS ACT
**(As to Defendant The United States of America)**

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

46. DEA agents and employees such as SA SHEEHAN have a duty to refrain from excessive and unnecessary force against persons within their custody and control and/or those they are apprehending.

47. The above-referenced federal agent from the DEA, SA SHEEHAN, breached this duty when he used unnecessary, unreasonable, and unjustified physical force against plaintiff by shooting him multiple times despite the fact he was unarmed and running away from federal agents.

48. As a result of this assault and battery, plaintiff endured immense pain and suffering and significant, permanent physical injuries which required hospitalization and surgery and will likely require further medical treatment and/or surgery in the future.

49. The defendant UNITED STATES is liable for these tortious acts under the Federal Tort Claims Act because they were committed by a federal agent and/or employee, SA SHEEHAN who was acting within the scope of his office or employment, under circumstances where the defendant UNITED STATES, if a private person, would be liable to plaintiff in accordance with the laws of the State of New York.

### THIRD CLAIM FOR RELIEF FOR RELIEF
### NEGLIGENCE BY FEDERAL LAW ENFORCEMENT UNDER
### THE FEDERAL TORT CLAIMS ACT
**(As to Defendant The United States of America)**

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

51. DEA agent and employee SA SHEEHAN owed a duty of care to plaintiff to use only the amount of force necessary and permitted by DEA policy against plaintiff during the events alleged because, under the same or similar circumstances, a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

52. DEA agent and employee SA SHEEHAN knew or should have known that plaintiff did not pose to them an imminent risk of serious injury or death and that the use of

deadly force employed by him against plaintiff was neither necessary nor permitted under DEA policy. Yet the individually named federal law enforcement agent SA SHEEHAN nonetheless used deadly force against plaintiff by shooting him multiple times without cause or justification and caused plaintiff multiple gunshot wounds which resulted in serious bodily injuries to plaintiff requiring immediate medical attention, hospitalization, surgeries, continued medical attention, and will likely require further medical treatment.

53. These acts constituted a breach of DEA agent and employee SA SHEEHAN's duties and directly and proximately caused the assault of plaintiff on October 28, 2020.

54. The individually named DEAgent and/or employee SA SHEEHAN was at all times an agent, servant, and employee acting within the scope of his employment by the defendant UNITED STATES, which is therefore responsible for his conduct.

55. As a direct and proximate result of the negligence detailed above, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;
   ii. an order awarding punitive damages in an amount to be determined at trial;
   iii. reasonable attorneys' fees and costs; and
   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated: New York, New York
      July 20, 2022

                                                       BY:_____/s_____
                                                       GERALD COHEN

JOSHUA FITCH
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
110 E. 59th St., Suite 3200
New York, N.Y. 10022
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com
ifuchs@cohenfitch.com